IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHEMEKA IBRAHIM, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | No. 3:11-0499 |
| v. ) | Judge Trauger |
| ) | Magistrate Judge Brown |
| OFFICE OF THE METROPOLITAN ) | |
| PUBLIC DEFENDER, et al., ) | |
| ) | |
| Defendants ) | |

To: The Honorable Aleta A. Trauger

### REPORT AND RECOMMENDATION

Plaintiff Shemeka Ibrahim filed a *pro se* complaint in her own name and on behalf of her and her minor child on May 25, 2011. (Docket Entry 1). This case has been referred to the Magistrate Judge to conduct a frivolity review under 28 U.S.C. § 1915(e)(e)(B) and for case management. (Docket Entry 6). Following a request from the Magistrate Judge, Plaintiff filed an amended complaint on July 1, 2011. (Docket Entry 10). For the reasons stated below, the Magistrate Judge **RECOMMENDS** that the Plaintiff's claim be **DISMISSED** as frivolous against the defendants.

I. INTRODUCTION AND BACKGROUND

Plaintiff alleges a cause of action against the Defendants on behalf of her and her minor child under 42 U.S.C. § 1983. (Docket Entry 10). After the original complaint was filed, the Magistrate Judge was unclear as to what complaints were personal to the Plaintiff and which complaints she was attempting to assert on behalf of her child. As such, the Magistrate Judge

1

requested the Plaintiff to file an amended complaint that clearly stated claims that were personal to her. (Docket Entry 6). The Plaintiff filed an amended complaint on July 1, 2011. (Docket Entry 10). As grounds for filing this case, the Plaintiff writes:

> Comes now the Plaintiff and respectfully brings this cause of action on behalf of her and her minor child for FAPE (Free and appropriate public education). The Plaintiff brings this complaint pursuant to 42 U.S.C. Section 1983, Section 504, civil rights violation, discrimination and retaliation on behalf of her disabled child. The plaintiff is seeking a legal malpractice action for negligent and/or breach of fiduciary duty. Further, the Plaintiff is seeking a medical malpractice action for negligent and/or breach of fiduciary duty.

(Docket Entry 10) (citations omitted). Plaintiff's core allegations are that Defendant Metro Public Schools denied her son an adequate education and that Plaintiff was not allowed to participate in the IEP process, that Defendant Metro Police Department and Officer J. Gregg failed to investigate the incident that led to Plaintiff's son being arrested and failed to advise Plaintiff's son of his *Miranda* rights, that Defendant Metro Public Defender negligent in representing Plaintiff's son, that State of Tennessee Probation Officer Julian Partin negligently removed Plaintiff's son from her home; that Dr. Montgomery deceived the court by performing an unnecessary examination on Plaintiff's son, and that Peninsula Hospital accepted Plaintiff's son as a patient without a proper court order. (Docket Entries 1, 10).

## II. LEGAL DISCUSSION

### A. Standard of Review

The federal *in forma pauperis* statute mandates that a trial court shall dismiss a civil action at any time, if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding whether a complaint should be dismissed pursuant to Rule 12(b)(6), a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When viewing the complaint under the above standards, to state a valid claim, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a

litigant's behalf,' " *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards,* 22 Fed. Appx. 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.       Plaintiff's Claims on Behalf of her Child**

Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake. *Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt,* 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). Consequently, in a civil rights action, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman,* 313 F.3d at 970 (a §1983 action) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir. 1990)); *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir. 1986) (holding, in a §1983 action, that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. §1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney").

For these reasons, Plaintiff Shemeka Ibrahim, a lay person, cannot bring this action on

4

behalf of her minor child without legal representation. Therefore, the Magistrate Judge believes that the claims asserted on behalf of her child should be dismissed without prejudice. Should Plaintiff wish to pursue her minor child's claims, she must obtain counsel.

**C.      Plaintiff's Personal Claims**

The crux of the complaint concerns allegations of discrimination and retaliation against Plaintiff's minor child. Plaintiff, however, has failed to provide any details explaining how Defendants have violated her rights or otherwise caused her any harm. Plaintiff's sole personal damages claimed are that she "needed mental attention, suffered great pain of body and mind, and [was] prevented [from] some enjoyment of normal daily life." (Docket Entry 10). However, Plaintiff again fails to provide any details or casual connection between herself and Defendants in relation to any discrimination or retaliation. Plaintiff's claim sets forth conclusory statements that she was harmed by the Defendants but without providing any specific facts as to how she was personally harmed. Therefore, the complaint is factually insufficient with respect to any of Plaintiff's own claims, and the Magistrate Judge recommends that those claims must be dismissed.

In addition, Plaintiff's claims under 28 U.S.C. § 1983 against certain government entities and officials are legally deficient because the defendants are immune from prosecution in their official capacities. A state is not a "person" in an action pursuant to 28 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). In addition, the State of Tennessee is immune from suits for money damages in actions brought under 42 U.S.C. § 1983. *See Am. Civil Liberties Union v. Tennessee*, 496 F. Supp. 218, 220 (M.D. Tenn. 1980). Public defenders are also not "persons" for purposes of § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 325

5

(1981).

Moreover, the Metro Police Department is not an entity capable of being sued under § 1983. *See Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See also Mathes v. Metropolitan Government of Nashville and Davidson County*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. August 25, 2010). Because the Plaintiff is proceeding *pro se*, however, the Magistrate Judge has construed her complaint as an attempt to state a claim against the Metropolitan Government of Nashville ("Metro"). To the extent Plaintiff has alleged any claims against Metro or its agencies or employees in their official capacities, her claims fail. At most, Plaintiff has alleged the Metro Defendants were negligent in their treatment of her. Negligent conduct, however, is not actionable under § 1983, as it does not rise to the level of a constitutional deprivation. *See Lewellen v. Metropolitan Gov't of Nashville & Davidson Co., Tenn.*, 34 F.3d 345 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."). Plaintiff has simply not adequately alleged that any of the Defendants deprived her of a constitutional right.

## IV.  CONCLUSION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** Plaintiff's claim be **DISMISSED** as frivolous.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this

report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 10th day of August, 2011.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge