IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHEMEKA IBRAHIM, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | Civil No. 3:11-0499 |
| v. ) | Judge Trauger |
| ) | Magistrate Judge Brown |
| OFFICE OF THE METROPOLITAN ) | |
| PUBLIC DEFENDER, et al., ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Aleta A. Trauger

**REPORT AND RECOMMENDATION**

Plaintiff Shemeka Ibrahim, appearing *pro se*, filed this second Amended Complaint (Docket Entry 13), which has been referred to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(e)(B) and for case management. For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Plaintiff's claims be **DISMISSED**.

I. PROCEDURAL HISTORY

This case commenced with Plaintiff's original *pro se* complaint, filed on May 25, 2011. (Docket Entry 1). The Magistrate Judge then ordered Plaintiff to amend those pleadings so as to comply with the Federal Rules of Civil Procedure and the Local Rules. (Docket Entry 6). Plaintiff filed her first Amended Complaint on July 1, 2011. (Docket Entry 10). Pursuant to a frivolity review of said complaint, the Magistrate Judge issued a Report and Recommendation that Plaintiff's claims be dismissed. (Docket Entry 11).

On August 30, 2011, this Court accepted the Magistrate Judge's recommendation and

1

dismissed the claims in the Amended Complaint. (Docket Entry 14). On August 23, 2011, a week earlier than said order to dismiss, Plaintiff filed a second Amended Complaint. (Docket Entry 13). This second Amended Complaint was apparently filed as a response to the Magistrate Judge's Report and Recommendation. Now, the Magistrate Judge is tasked with a frivolity review of Plaintiff's second Amended Complaint.

## II. FACTUAL BACKGROUND

Plaintiff's second Amended Complaint contains only one citation of substantive law: "At all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. §§ 1983 et seq. and 1988." (Docket Entry 13, ¶13). That said, Plaintiff separates her Amended Complaint into three causes of action: Refusal to Provide Public Education ; Violation of *Miranda Rights*; and Legal Malpractice. (*Id.*, p. 2-3).

The Magistrate Judge finds it difficult to fairly sort out which claims the Plaintiff asserts for herself and which she attempts to assert on behalf of her child.[1] As to her "First Cause of Action," Plaintiff claims that "Defendants worked a denial of the rights of Plaintiff's minor child to receive a public education" and "refused to allow Plaintiff's minor child to enroll in public school." (*Id*., ¶¶ 14, 15). While these claims relate to her child, apparently "Plaintiff suffered damages as a result of Defendants' actions." (*Id.* ¶16). In her "Second Cause of Action," Plaintiff claims that "Defendants instituted the criminal process against the Plaintiff and Plaintiff's minor child with malice when they falsely and recklessly charged him with and

---

[1] Unfortunately, this is not the first time Plaintiff has failed to articulate her complaint. Regarding Plaintiff's original complaint, the Magistrate Judge noted that "it is very difficult for the Magistrate Judge to sort out what complaints are personal to the Plaintiff and which are complaints she is attempting to assert on behalf of someone else." (Docket Entry 6).

2

arrested him. [*sic*]" (*Id*. ¶ 19). Plaintiff's "minor son" was apparently arrested, subjected to questioning without first being read his *Miranda* rights, and prosecuted.[2] (*Id.* ¶20). Without providing further detail, Plaintiff claims that she was "damaged as a result of this malicious prosecution and false arrest." (*Id.* ¶22). Finally, for her "Third Cause of Action," Plaintiff claims that "Plaintiff and her minor child were represented in the criminal charge by Julian Partin and Jennifer Hall."[3] (*Id.* ¶24). Allegedly, "[t]he public defenders made critical errors in their defense of Plaintiff and her minor child." (*Id.* ¶25). Plaintiff states that, as a result of these unspecified errors, "Plaintiff's minor child was removed from her home." (*Id.* ¶26).

The Magistrate Judge recognizes that the facts stated in the second Amended Complaint lack context and do not amount to a cohesive complaint. For the sake of convenience, the Magistrate Judge repeats some background stated in his Report and Recommendation for the now-dismissed first Amended Complaint:

> Plaintiff's core allegations are that Defendant Metro Public Schools denied her son an adequate education and that Plaintiff was not allowed to participate in the IEP process; that Defendant Metro Police Department and Officer J. Gregg failed to investigate the incident that led to Plaintiff's son being arrested and failed to advise Plaintiff's son of his *Miranda* rights; that Defendant Metro Public Defender was negligent in representing Plaintiff's son; that State of Tennessee Probation Officer Julian Partin negligently removed Plaintiff's son from her home; that Dr. Montgomery deceived the court by performing an unnecessary examination on Plaintiff's son; and that Peninsula Hospital accepted Plaintiff's son as a patient

---

[2] The second Amended Complaint makes no mention of a criminal case number or the basis for any charge faced by Plaintiff or her child. In any case, while failure to comply with the requirements of *Miranda* may result in suppression of the statement, it does not violate a constitutional right and cannot be grounds for a §1983 action. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003); *McKinley v. City of Mansfield*, 404 F.3d 418, 430-31 (6th Cir. 2005).

[3] *See* Docket Entry 13, p. 2. Apparently, Ms. Hall is a public defender and Mr. Partin is a probation officer.

without a proper court order. (Docket Entries 1, 10).

## III. STANDARD OF REVIEW

The federal *in forma pauperis* statute mandates that a trial court shall dismiss a civil action if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding whether a complaint should be dismissed pursuant to Rule 12(b)(6), a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true. *Erickson v. Pardus*, 550 U.S. 89 (2007). Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint is to be liberally construed, however, the district court need not accept a "bare assertion or legal conclusions." *Id. See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In light of the above standards, a valid complaint requires (1) "enough facts to state a

4

claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

The Magistrate Judge recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001)), and the court is not required to create a claim for the *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would call for the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

IV.  LEGAL ANALYSIS

A.     Claims Asserted on Behalf of Plaintiff's Child

Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). Consequently, in a civil rights action, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her

5

own and does not belong to her parent or representative." *Shepherd,* 313 F.3d at 970 (regarding a §1983 action) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir. 1990)); *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir. 1986) (holding, in a §1983 action, that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. §1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney").

As stated in the Magistrate Judge's previous Report and Recommendation, "Plaintiff Shemeka Ibrahim, a lay person, cannot bring this action on behalf of her minor child without legal representation. Therefore, the Magistrate Judge believes that the claims asserted on behalf of her child should be dismissed without prejudice. Should Plaintiff wish to pursue her minor child's claims, she must obtain counsel." (Docket Entry 11, p. 4-5).

B.    Claims Asserted on Plaintiff's Behalf

Arguably, all claims in the second Amended Complaint seem to relate to Plaintiff's child only. Because Plaintiff provides no explanation as to how she personally suffered 42 U.S.C §1983 ("§1983") violations stemming from Defendants' treatment of her child, the entire complaint can be dismissed on its face. That said, the Magistrate Judge proceeds here as if Plaintiff has filed pleadings on her own behalf.

The second Amended Complaint, Plaintiff's third attempt to assert §1983 claims, does not cure any of the deficiencies from the first two pleadings. As a procedural matter, the Magistrate Judge again notes the one-year statute of limitation for §1983. (*See* Docket Entry 6, p. 2). Although the second Amended Complaint lacks any relevant dates, previous pleadings suggest that "[a] good deal of the subject matter of the complaint appears to have occurred substantially more than one year before the date of the filing of the complaint." *Id.* Additionally,

Plaintiff's latest factual assertions lack any causal connection between herself and discrimination she personally suffered at the hands of any Defendants.

In addition to insufficient factual allegations, Plaintiff also makes § 1983 claims that are legally deficient. For the purpose of actions brought under §1983, a state is not a "person." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Unless the state of Tennessee consents, it is immune from federal lawsuits brought by individuals. *See Am. Civil Liberties Union v. Tennessee*, 496 F. Supp. 218, 220 (M.D. Tenn. 1980). As for the Metro Police Department, "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a §1983 suit." *Mathes v. Metropolitan Government of Nashville and Davidson County*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. August 25, 2010); *See Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) and *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, public defenders do not act under color of law and are not amenable to § 1983 suits when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Because the Plaintiff is proceeding *pro se*, the Magistrate Judge makes a final effort to construe her complaint as an attempt to state a claim against the Metropolitan Government of Nashville ("Metro"). Even in that case, Plaintiff's claims fail against Metro, or its agencies or employees in their official capacities. With the facts viewed in a light most favorable to the Plaintiff, she merely alleges that Metro Defendants were negligent. Negligent conduct, however, is not actionable under § 1983, as it does not rise to the level of a constitutional deprivation. *See Lewellen v. Metropolitan Gov't of Nashville & Davidson Co., Tenn.*, 34 F.3d 345, 348 (6th Cir.

1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."). Nothing in Plaintiff's second Amended Complaint suggests that she was deprived of a constitutional right.

## V.  CONCLUSION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** Plaintiff's claim be **DISMISSED** as frivolous.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 5th day of October, 2011.

/s/ Joe B. Brown
JOE B. BROWN
U.S. MAGISTRATE JUDGE